UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                      )
ELIZABETH WHITT,                         )
                                                      )
           Plaintiff,              )
v.                                               )         Docket No. 12-11524
                                                      )
MORTGAGE ELECTRONIC REGISTRATION  )
SYSTEMS, INC., FIRST MAGNUS FINANCIAL)
CORPORATION, WELLS FARGO BANK, N.A.,)
and FEDERAL HOME LOAN MORTGAGE     )
CORPORATION,                                )
                                                      )
           Defendants.            )
_____)

## NOTICE OF REMOVAL

      Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal Home Loan Mortgage Corporation ("FHLMC," and collectively the "Removing Defendants") hereby give notice, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of the Removal to this Court of the action commenced against it identified below currently pending in the Plymouth County, Massachusetts Superior Court. In support of this removal, the Removing Defendants state as follows:

## THE ACTION

      1.     Wells Fargo, MERS and FHLMC are named as defendants in a civil lawsuit filed in the Plymouth County Superior Court, styled *Elizabeth Whitt v. Mortgage Electronic Registration Systems, Inc., First Magnus Financial Corporation, Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation,* Case No. 2012-cv-00698 (the "Action").

## SERVICE

2.     Plaintiff purports to have served the Summons and Complaint on MERS on July 18, 2012.  Removal is timely having been filed within 30 days of that service.  A true and correct copy of all of the papers included with the service of the Complaint are attached hereto as Exhibit A.  Upon information and belief, co-defendant First Magnus has not been served with the Summons and Complaint because the corporation is dissolved and no longer doing business.

3.     Plaintiff delivered her First Amended Verified Complaint to counsel for Removing Defendants on August 15, 2012.  A true and correct copy of all of the First Amended Verified Complaint is attached hereto as Exhibit B.  Upon information and belief, co-defendant First Magnus has not been served with the First Amended Verified Complaint because the corporation is dissolved and no longer doing business.

4.     The Amended Complaint does not substantively amend the claims asserted by Plaintiff, nor does it alter the determination as to whether the Action is removable.  Removing Defendants rely upon 28 U.S.C. § 1332 (diversity) as the basis for removal.  The Amended Complaint does not change the named parties in this case or alter the nature of requested relief for damages.  Therefore, the analysis for removal based upon diversity is the same whether based upon the Complaint of the Amended Complaint.

## PLEADINGS AND NOTICE TO STATE COURT

5.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, certified copies of all pleadings, records, orders and proceedings from the Plymouth County Superior Court will be filed with this Court.  Contemporaneous with the filing of this Notice, the Removing Defendants have given written notice to the Plaintiff's attorney and have notified the Plymouth

County Superior Court of this Removal. Plaintiff previously filed a motion for a preliminary injunction, but no hearing date had been scheduled in the Plymouth Superior Court.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION

**II.     This Court Has Jurisdiction Pursuant To 28 U.S.C. § 1332.**

6.     This Action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332. Section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332. This Action satisfies both statutory requirements.

**A.     The Parties Are Citizens Of Different States.**

7.     Plaintiff alleges that she is a resident of Brockton, Massachusetts. See Compl. ¶ 1. Plaintiff alleges that Wells Fargo is a company with a principal office in Fort Mill, South Carolina. See Compl. ¶4. In reality, however, Wells Fargo is a national bank. For diversity purposes, a national bank's citizenship is based on the location of its principal office listed in its articles of organization. See 28 U.S.C. § 1348 ("national banking associations" are "deemed citizens of the States in which they are respectively located."); Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318-19 (2006) (holding national bank is located for the purposes of diversity jurisdiction in the state of its principal offices listed in the articles of organization). According to the Office of the Comptroller of Currency (OCC), the supervisor of national banks, Wells Fargo's principal office is in Sioux Falls, South Dakota. See Exhibit C, OCC List of National Banks and Office Locations. Plaintiff alleges that MERS is a company with a principal place of business in Reston, Virginia.[1] See Compl. ¶2. Plaintiff alleges that

---

[1] Although not clearly alleged in the Complaint, MERS is organized in the state of Delaware.

FHLMC is a federally chartered corporation with a principal office in Carrolton, Texas. See Compl. ¶ 5. Plaintiff alleges that co-defendant First Magnus Financial Corporation is a company with a principal office located in Tucson, Arizona. See Compl. ¶3.[2] As a result, complete diversity exists because Plaintiff is a citizen of Massachusetts and the defendants are all citizens of states other than Massachusetts.

### B. The Amount In Controversy Exceeds $75,000.

8. In calculating the amount in controversy, the Court should consider the total amount of monetary relief that Plaintiff seeks to recover or the financial impact the relief sought would have on the defendants. See Dept. of Recreation & Sports v. World Boxing, 942 F.2d 84, 90 (1st Cir. 1991); Comm. of Mass. v. United States Veterans Admin., 541 F.2d 119, 122, n.3 (1st Cir. 1976) (considering amount in controversy based on potential financial effect on defendant). When a complaint seeks declaratory and injunctive relief, the amount in controversy may be measured by the value of the object of the litigation. See Lewis v. Ford Motor Co., 610 F. Supp. 2d. 476, 485 (W.D. Pa. 2009); Raspberry v. Capitol County Mutual Fire Ins. Co., 609 F. Supp. 2d 594, 601 (E.D. Tex. 2009). In cases where a plaintiff seeks actual and punitive damages, both amounts are part of the total the amount in controversy. See Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238 (1943) ("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount").

9. In this case, Plaintiff purports to challenge the foreclosure of a $164,000 home mortgage. See Compl. ¶6. In addition, Plaintiff seeks to recover damages and attorney's fees,

---

[2] According to the Massachusetts Secretary of State corporatios database, First Magnus was organized in Arizona, but no longer does business in Massachusetts. Upon information and belief, and based upon records with the state of Arizona, First Magnus is dissolved.

and seeks temporarily and permanently enjoin defendants from foreclosing on the $164,000 mortgage. Therefore, even beyond the amount of alleged damages, the amount at issue in this litigation is, at a minimum, the value of the security interest on the property in the amount of $164,000. Thus, the amount in controversy far exceeds $75,000.00 without even accounting for attorney's fees or any damages (including multiple damages available under G.L. c. 93A).

10. If any question arises as to the propriety of the Removal of this matter, the Removing Defendants request an opportunity to submit briefs and be heard at oral argument in support of the propriety of this Removal.

WHEREFORE, the Removing Defendants respectfully request that this Court assume jurisdiction over this matter and that no further proceedings be held in the Plymouth County Superior Court.

Respectfully submitted,
Wells Fargo Bank, N.A., MERS, and FHLMC,
by their attorneys,

*/s/ David E. Fialkow*
Jeffrey S. Patterson (BBO #671383)
jeffrey.patterson@nelsonmullins.com
David E. Fialkow (BBO #666192)
david.fialkow@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
(617) 573-4700
(617) 573-4710 (fax)

Dated: August 17, 2012

## CERTIFICATE OF SERVICE

I, David E. Fialkow, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: August 17, 2012             */s/ David E. Fialkow*