EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO:

12-698

RECEIVED JUN 5 2012

Elizabeth Whitt,
    Plaintiffs,

v.

VERIFIED COMPLAINT
FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., FIRST MAGNUS FINANCIAL CORPORATION, WELLS FARGO
BANK, N.A, and FEDERAL HOME LOAN MORTGAGE CORPORATION,

    Defendants

## INTRODUCTION

This is an action for injunctive relief to stop the Defendant, Federal Home Loan Mortgage Corporation from evicting the Plaintiff from the property at 116 Gladstone Street, Brockton, MA 02302 currently occupied by the Plaintiff, Elizabeth Whitt, her 18-year old daughter, Marie Elizabeth Whitt and her 16- year old son, Ricky. Ms. Whitt challenges the legality of the foreclosure of her home. The Defendants foreclosed on Ms. Whitt's home and held a foreclosure auction on or about November 23, 2011. On or about March, 2012, FHLMC filed a summary process complaint in Brockton Housing Court. Ms. Whitt requests a preliminary injunction staying the matter in the Brockton Housing Court, and restraining the Defendant Federal Home Loan Mortgage Corporation from proceeding with the eviction case in Brockton Housing Court No. 12SP1074. Ms. Whitt also seeks to void the foreclosure and require the Defendants to negotiate with the Plaintiff in good faith so that she might be able to stay in the home; award Ms. Whitt actual damages for the Defendants' wrongful conduct as shall be proven at trial; and

Order Defendants to disgorge all profits, benefits, and other compensation obtained by the defendants from their wrongful conduct.

## PARTIES

1. ~~The Plaintiff Elizabeth Whitt is an individual residing at 116 Gladstone Street, Brockton,~~ MA 02302. She has owned the home since February 7, 2008 and has lived there nearly twenty-five years. (See copy of deed attached hereto as Exhibit "A.")

2.. The Defendant, Mortgage Electronic Registration Services, Inc. (hereafter "MERS") is a company with its principal office at 1818 Library Street, #300, Reston, VA 20190, DE doing business in Massachusetts.

3. The Defendant, First Magnus Financial Corporation (hereafter "First Magnus") is a company with its principal office at 603 North Wilmot. Tucson, AZ 85711, doing business in Massachusetts.

4. The Defendant, Wells Fargo Bank, N.A. (hereafter "Wells Fargo") is a company with its principal office at 3476 Stateview Blvd., Fort Mill, SC 29715, doing business in Massachusetts.

5. The Defendant Federal Home Loan Mortgage Corporation (hereafter "FHLMC") is a federally chartered corporation with its principal office at 5000 Plano Parkway, Carrolton, TX 75010, doing business in Massachusetts.

## BACKGROUND

6. On or about December 29, 2006, Ms. Whitt's ex-husband, Ricky Whitt signed a thirty-year note to First Magnus and a mortgage to MERS, as nominee of First Magnus and its successors and assigns in the amount of $164,000.00. Ms. Whitt and her ex-husband, Mr. Whitt were named as borrowers on the mortgage.

7. Upon information and belief, the Whitt note and mortgage were supposed to be identified and placed in a mortgage-backed securitized trust pursuant to the terms of a prospectus filed with the Securities and Exchange Commission and a pooling and servicing agreement.

8. Defendant First Magnus ---Ms. Whitt's lender---filed for bankruptcy on or about August 16, 2007.

9. On October 3, 2008, the United States Congress passed the Emergency Economic Stabilizations Act ("the Act"). 12 U.S.C. s. 5201 (2008). The Act allocated $700 billion to the United States Treasury ("Treasury") to restore liquidity and stability to the financial system. The Act also established the Troubled Asset Relief Program, which was intended to reduce foreclosures. 12 U.S.C. SS 5211, 5225 (2008).

10 Pursuant to written notice mailed in March, 2010 by Wells Fargo to Ricky Whitt, he was advised of the existence of the Home Affordable Mortgage Program (the HAMP).

11. Ms. Whitt was aware of the program and attempted to contact Wells Fargo to discuss her options.

12. Sections 109 and 110 of Title I of the Act authorized Treasury, acting with Fannie Mae and others to create HAMP. The HAMP provides financial incentives to mortgage servicers to modify eligible loans. Treasury supplemental Directive 09-01. Mortgages, owned, securitized or guaranteed by F.H.L.M.C. are among those mortgages eligible for modification under the HAMP.

13. On or about June 10, 2011, an assignment of Mortgage was filed with the Plymouth County Registry of Deeds from MERS, as First Magnus's nominee to Wells Fargo Bank, N.A. The assignment does not state that the note was assigned.

14. On or about June 15, 2011, Wells Fargo sought authority to foreclose in the Land Court advising Ms. Whitt of her rights under the Servicemen's Civil Relief Act.

15. Wells Fargo serviced the loan and Ms. Whitt attempted to communicate with Wells Fargo with respect to her payments and with respect to working out a loan modification or forbearance agreement.

16. Ms. Whitt was advised by Wells Fargo's' representatives that they could only talk to her ex-husband regarding the loan (and therefore, any loss mitigation options) and would not talk to or negotiate with her regarding same.

17. The Defendants failed to negotiate in good faith with Ms. Whitt and did not provide her with loss mitigation or foreclosure alternative opportunities as mandated by HAMP.

18. In the past several years, Defendant Wells Fargo and other lenders have rushed to foreclose on mortgages in Massachusetts without conducting appropriate and diligent investigation into whether the loan was in the process of modification.

19. The U.S. Treasury Department has acknowledged the significance of the problem of miscommunications between foreclosure departments and modification departments in its recent updates to the federal government loan modification program, adding penalties for lenders who take any steps towards foreclosure while a modification is pending.

20. A foreclosing mortgagee owes the mortgagor a duty of good faith and reasonable diligence in the foreclosure process. See Williams v. Resolution GGF OY, 417 Mass.377, 382-3 (1994).

21. At the same time Ms. Whitt was denied contact with her lender to negotiate a workable modification; the Defendants were foreclosing on the loan.

22. Ms. Whitt brings this action to set aside the foreclosure of her home and for violations of Massachusetts General Laws c. 93A, the Massachusetts Consumer Protection laws.

23. On or about November 23, 2011, Wells Fargo conducted the foreclosure auction, allegedly as assignee of First Magnus and agent for FHLMC. The sale has since been consummated and Wells Fargo purchased the property at auction for $80,000.00 and assigned its bid to FHLMC by foreclosure deed recorded at Suffolk Registry of Deeds on February 13, 2012. .

24. Ms. Whitt will suffer irreparable harm if Defendants are allowed to evict her from her home or transfer the property to a third party

25. The property at 116 Gladstone Street, Brockton, MA, is a unique property that has served as Ms. Whitt's family home which she has maintained and improved during the years she and her family have lived in the property.

26. The balance of hardships tips decidedly in favor of Ms. Whitt, because absent injunctive relief, she will lose their home.

## JURISDICTION AND VENUE

27. This court has jurisdiction over this matter and this Defendant pursuant to M.G.L. c. 93A, c.185C, c.223A, c. 212, § 4 and c. 214, § 1.

28. Venue lies in this county pursuant to M.G.L. c. 223, § 8.

## CLAIMS

COUNT I: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

29. Ms. Whitt repeats and realleges all paragraphs above as if set forth fully herein.

30. The contract between Ms. Whitt and the Defendants included a duty of good faith and fair dealing. Pursuant to an implied covenant in the subject contracts, the defendants had a duty not to do anything which would deprive Ms. Whitt of the benefits of those contracts, and had a duty to do everything that the contracts presupposed each of the parties would do to accomplish the purpose or purposes of the subject contracts.

31. The defendants acted in breach of the implied covenant of good faith and fair dealing, and its duties there under, when it failed to live up to the promised terms of the contract, the proposed modifications entered into with the Plaintiff and the terms of the applicable mortgage regarding conditions precedent to foreclosure.

32. As a result of the defendants' wrongful conduct, Ms. Whitt has suffered and continues to suffer economic losses and other damages.

## COUNT II: UNJUST ENRICHMENT

33. Ms. Whitt repeats and realleges all paragraphs above as if set forth fully herein.

34 By their wrongful acts and omissions, including but not limited to failing to adhere to the conditions precedent to foreclosure and by failing to negotiate in good faith, the Defendants' have been unjustly enriched at the expense of Ms. Whitt, and thus Ms. Whitt has been unjustly deprived.

## COUNT III: NEGLIGENCE

35. Ms. Whitt repeats and realleges all paragraphs above as if set forth fully herein.

36. The defendants negligently serviced the subject loan, in breach of its duty to Ms. Whitt to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records in a non-negligent manner.

37. The Defendant's documentation filed with the Land Court was improper and therefore, the foreclosure was invalid.

38. The defendants' failure to follow the requirements of the mortgage and the common law of Massachusetts was improper and therefore, the foreclosure was invalid.

39. The defendants' failure to recognize and communicate with Ms. Whitt as a borrower under the mortgage was improper, negligent and in breach of its duty to Ms. Whitt.

40. As a result of the defendants' negligence, Ms. Whitt has suffered and continues to suffer economic losses and other damages.

## COUNT IV: UCC CLAIM – DEFENDANTS NOT ENTITLED TO FORECLOSE

41. Ms. Whitt repeats and realleges all paragraphs above as if set forth fully herein.

42. Defendant Wells Fargo has alleged that it is either the holder of the subject note and mortgage or a transferee or agent of the holder of the note and mortgage and that it continues to hold the note and mortgage with the rights to enforce it. .

43. Defendant makes such claim without having provided proof that the Defendant is owners of the original note signed by Mr. Whitt with the authority to enforce it pursuant to M.G. L. c. 106, §3-301.

## COUNT V: WRONGFUL FORECLOSURE

44. Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

45. Defendant Wells Fargo has wrongfully alleged that it is either the holder of the subject note and mortgage or a transferee or agent of the holder of the note and mortgage and that it continued to hold the note and mortgage with the rights to enforce it.

46. Defendant Wells Fargo made such claim without having provided proof that any of the Defendants were holders of the original note signed by Mr. Whitt with the authority to enforce it pursuant to M.G. L. c. 106, §3-301 and the common law of Massachusetts.

47. The foreclosure sale of the property was wrongful under the U.C.C. and under state common law and the sale is therefore void or voidable.

48. Ms. Whitt is entitled to a declaratory judgment setting aside the foreclosure sale.

49. Ms. Whitt is entitled to an injunction requiring that First Magnus, Wells Fargo, MERS, and FHLMC take steps to restore legal title to the property to the same condition

as if no foreclosure sale had ever occurred.

50. Ms. Whitt has suffered damages proximately caused by the Defendants' wrongful foreclosure.

## COUNT VI: UNFAIR AND DECEPTIVE BUSINESS PRACTICES - G.L. c. 93A

51. Ms. Whitt repeats and realleges all paragraphs above as if set forth fully herein.

52. The Defendants have violated c. 93A and its implementing regulations by utilizing terms and practices that were unfair, deceptive, and/or unconscionable. These violations included, without limitation:

> Proceeding with a foreclosure in violation of the federal HAMP directive and conveying the property to FHLXC.

> Failing to communicate and negotiate with the Ms. Whitt in violation of the federal HAMP directive and in violation of the Massachusetts Consumer Protection regulations.

> Foreclosing on Ms. Witt without legal authority.

53. At all relevant times, the Defendants were engaged in trade or commerce.

54. By engaging in the conduct complained of, the Defendants engaged in unfair and deceptive practices, in violation of G.L. c 93A, § 2.

55. On or about May 29, 2012, Ms. Whitt sent a demand to the Defendants, pursuant to G.L. c. 93A § 9. See Exhibit "B" attached hereto.

56. The Defendants have not offered a reasonable response to said demand.

57. Ms. Whitt has suffered and continues to suffer actual and consequential damages, including emotional distress, as a result of the Defendants' conduct, in violation of G.L. c. 93A.

58. The Defendants' conduct was willful or knowing within the meaning of c. 93A, §11.

9

59. Ms. Whitt was injured and suffered damages by virtue of the violations.

## PRAYER FOR RELIEF

Having set forth the above cause of action, Ms. Whitt hereby prays for the following relief:

(1) Enjoin the Defendants from transferring the property to a third party;

(2) Void the foreclosure and require the Defendants to negotiate with the Plaintiff in good faith so that he might be able to stay in the home.

(3) Award the Plaintiffs actual damages for the Defendants' wrongful conduct as shall be proven at trial for violations of the Predatory Home Loan Practices Act.

(4) Order Defendants to disgorge all profits, benefits, and other compensation obtained by the defendants from their wrongful conduct.

(5) Award Ms. Whitt consequential damages to be fully proved at the time of trial;

(6) Award Ms. Whitt reasonable attorneys' fees and costs pursuant to statute.

(7) Grant any other relief that may be just or equitable.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted
ELIZABETH WHITT
By her attorney

Martin I. Flax
BBO #543665
4 Kings Court
Dedham, MA 02026
(781) 329-4850

Dated: 6/5/2012

BOOK 8690 PAGE 026

MASSACHUSETTS QUITCLAIM DEED SHORT FORM (INDIVIDUAL) 881

3.

We, EDWARD DILL, JR. and JANET E. DILL,

of Brockton, Plymouth County, Massachusetts,

*being unmarried*, for consideration paid, and in full consideration of ($142,500.00)
One Hundred Forty Two Thousand Five Hundred Dollars 00/100

grant to Ricky Whitt and Elizabeth C. Whitt, husband and wife, tenants by
the entirety,
of 116 Gladstone Street, Brockton, MA with *quitclaim covenants*

the land with the buildings thereon, beginning at the northeasterly corner
of Elmer Street and Gladstone Street thence northerly by the easterly line of
Gladstone Street about [Description and encumbrances, if any] sixty (60) feet to a corner
thence easterly at a right angle one hundred twenty (120) feet to a corner
thence southerly at a right angle fifty-five and one half (55½) feet to
the northern side of Elmer Street thence westerly one hundred twenty (120)
feet to the point of beginning. Being lot numbered 27 on a "Plan of Farm
belonging to Linus H. Shaw, Brockton, MA." Plan Book 1, Plan 82.

Together with a right of way over said Gladstone Street and Elmer Street,
to and from the public highway.

Said premises are hereby conveyed subject to building restrictions as
contained in deed from Linus H. Shaw to Ellen M. Hall, dated January 18,
1892, and recorded with Plymouth County Deeds, Book 632, Page 230.

For our title reference see deed dated June 17, 1983 and recorded in Plymouth
County Registry of Deeds in Book 5378, Page 295.



COMMONWEALTH OF MASSACHUSETTS
DEEDS EXCISE
CANCELLED SEP-6'88  324.90

Ricky & Elizabeth Whitt
116 Gladstone Street, Brockton, MA

Witness our hand and seal this 2nd day of September 19 88

/s/ Ed Dill
/s/ Janet E Dill

The Commonwealth of Massachusetts

Plymouth ss. September 2, 19 88

Then personally appeared the above named Edward Dill, Jr. and Janet E. Dill
and acknowledged the foregoing instrument to be their free act and deed before me

Philip C. Nessralla, Jr. Notary Public — Justice of the Peace
My commission expires 6-20-91 19

(*Individual — Joint Tenants — Tenants in Common.)

CHAPTER 183 SEC. 6 AS AMENDED BY CHAPTER 497 OF 1969

Every deed presented for record shall contain or have endorsed upon it the full name, residence and post office address of the grantee and a recital of the amount of the full consideration thereof in dollars or the nature of the other consideration therefor, if not delivered for a specific monetary sum. The full consideration shall mean the total price for the conveyance without deduction for any liens or encumbrances assumed by the grantee or remaining thereon. All such endorsements and recitals shall be recorded as part of the deed. Failure to comply with this section shall not affect the validity of any deed. No register of deeds shall accept a deed for recording unless it is in compliance with the requirements of this section. REC'D SEP 6 1988 AT 10·17 AM. AND RECORDED

B

# LAW OFFICES OF MARTIN I. FLAX
## Consumer Protection Attorneys

MARTIN I. FLAX[1]

Of Counsel:
MARK P. ROMANO[2]
STEVEN G. STANCROFF[3]
STEVEN MIKHOV[4]
KARL P. HEIL[5]

4 Kings Court
Dedham, MA 02026
www.Lemon-Law.to
flaxlaw@gmail.com
Tel (781) 329-4850
Fax (781) 329-1880

[1] Admitted in MA RI, and MN only
[2] Admitted In CA, MI, and WI only
[3] Admitted in MI and NC only
[4] Admitted In CA only
[5] Admitted in MI and WA only

By Certified Mail –Return Receipt Requested

May 29, 2012

President, First Magnus Financial Corporation
603 North Wilmot
Tucson, AZ 85711

President, MERS, Inc.
1818 Library Street, #300
Reston, VA 20190

President, Wells Fargo Bank, N. A.
3476 Stateview Blvd.
Fort Mill, SC 29715

President, Federal Home Loan Mortgage Corporation
5000 Plano Parkway
Carrolton, TX 75010

    RE:  Elizabeth Whitt - Wells Fargo Loan Number 0203882022
           MERS # 100039236220342441
           First Magnus Loan Number 3622034244
           Demand for Relief pursuant to M.G.L. c. 93A

Dear Sir/Madam:

Please be advised that this law firm represents Elizabeth Whitt of 116 Gladstone Street, Brockton, MA. Please communicate with her only through this office.

I am sending this letter on behalf of Ms. Whitt in order to demand relief pursuant to Mass. G.L. c. 93A and its accompanying regulations including but not limited to 940 CMR 3.05 and 3.16, as a result of the unfair and deceptive practices described below.

Though this summary is not all-inclusive, it is more than sufficient to demonstrate that you committed several violations of law.

## Factual Background

Ms. Whitt has lived at 116 Gladstone Street, Brockton, since September 1987. She currently lives at the home with her daughter, Marie Elizabeth Whitt, age 18 and her son Rickie Whitt, age 16.

Elizabeth Whitt and her former husband Ricky Whitt refinanced the family home through First Magnus Financial Corporation on December 29, 2006, but the mortgage named the mortgagee as Mortgage Electronic Registry Systems, Inc. (MERS), as nominee for First Magnus and its successors and assigns.

At some point in 2008, Ms. Whitt and her husband fell behind in the mortgage. Ms. Whitt borrowed money from her family to stay current. On or about April, 2009, the Whitt's mortgage went into default. In May of 2009, Ms. Whitt separated from her husband and Mr. Whitt moved to Dorchester. A separation agreement was entered into on January 28, 2011 and Ms. Whitt was left with the house and all of its obligations including the loan. Throughout the length of her loan with First Magnus, Ms Whitt attempted to contact the bank to discuss the loan. She was told by the bank that they could not talk to her without the permission of her husband. In January 2011, Wells Fargo told Ms. Whitt that the Loan was in her husband's name and they couldn't even talk to her. It wasn't until some time in November, 2011, that they acknowledged that she was a borrower and could talk to her--- but by that time the loan was well into foreclosure and it was too late for her to obtain an alternative.

Although Ms. Whitt was listed as a borrower on the mortgage, First Magnus and Wells Fargo refused to talk to her about the loan. As a result, she was given no opportunity to obtain a modification, a forbearance agreement or seek a short sale or some other foreclosure alternative. At the same time Ms. Whitt was trying to no avail to discuss a loan modification --- MERS, and Federal Home Loan Mortgage Corporation were proceeding with a foreclosure through Harmon Law Offices, P.C.
On November 23, 2011, her property was auctioned off.

The auction on November 23, 2011 occurred even though Wells Fargo never notified her of her right to apply for a HAMP modification. The paperwork filed with the Land Court does not indicate what address, the notice to cure was sent to. This refusal to communicate with the borrower constitutes a breach of the covenant of good faith and fair dealing and a violation of HAMP.

Furthermore, the auction was conducted by Wells Fargo even though it is not clear from the Registry documents that they were a note holder or acting at the behest of the note holder. There is no document recorded that indicates the nature of ownership of the Note. There is an assignment of mortgage from MERS, as nominee of First Magnus, to

Wells Fargo, but there are no other assignments. Without such authority, the foreclosure is void and F.H.L.M.C. does not hold valid title to the property.

## Unfair and Deceptive Acts and Practices Committed by MERS, First Magnus and Wells Fargo

The unfair, misleading and deceptive acts and practices committed by your company(ies) include, but are not limited to:
- Failure to use reasonable diligence in operating your workout/modification program;
- Failure to take reasonable steps to communicate with Ms. Whitt when she sought a modification;
- Failure to act n good faith and with reasonable diligence in the foreclosure process;
- Breach of the duty of good faith and fair dealing;
- Negligent misrepresentation of material facts;
- To the extent the entities cannot provide documentation demonstrating proper authority to foreclose, foreclosing on the property without proper authority.

As a result of the above entities' unlawful conduct, Ms. Whitt suffered significant financial losses and severe emotional distress. Ms. Whitt was willing to enter into a modification agreement to keep her family home, and your office refused to talk to her for the majority of the loan's history. Wells Fargo, MERS, First Magnus, and F.H.L.M.C. failed to offer Ms. Whitt a modification in good faith and negligently misrepresented that she could not talk to them and/or negotiate a modification on the loan even though she was the owner of the house and the borrower. Wells Fargo and F.H.L.M.C. failed to postpone the pending foreclosure while she sought additional loss mitigation options. The actions of Wells Fargo, MERS, First Magnus and F.H.L.M.C. also caused Ms. Whitt to incur additional fees and costs as a result of the foreclosure process.

## Demand for Relief against Wells Fargo, MERS, First Magnus, and F.H.L.M.C.

Ms. Whitt is entitled to be reasonably compensated for the losses and damages she and her children have suffered. She currently resides in the home and has the financial ability to make mortgage payments. Pursuant to G.L. c. 93A, demand is hereby made that you immediately cease any effort to transfer this property or evict her from the property. Ms. Whitt, further demands that you reinstate and modify her mortgage, or in the alternative, offer a reasonable purchase price in order for her to repurchase the home.

Pursuant to G.L. c.93A §9, you have thirty (30) days from receipt of this letter to make a reasonable written tender of settlement. If you fail to tender a timely and reasonable offer of settlement, Ms. Whitt may file suit against you. If a court finds that your conduct violated G.L. c.93A §2, Ms. Whitt will be awarded actual damages or $25.00, whichever is greater, plus costs and reasonable attorneys' fees. If a court further finds that your conduct was willful or knowing in nature, Ms. Whitt may be awarded up to three times her actual damages, plus costs and attorneys fees.

## VERIFICATION

I, Elizabeth Whitt, having been duly sworn, depose and state that I have read the foregoing Verified Complaint and Application for Preliminary Injunction, and that the information stated therein as factual is true and those factual matters which are stated upon information and belief are believed to be true.

Signed under the pains and penalties of perjury this 5th day of June, 2012.

_____
Elizabeth Whitt